IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ANTHONY B. MCKENZIE, et al.,** )<br>)<br>    **Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**CITATION CORPORATION, LLC.,** )<br>)<br>    **Defendant.** ) | **CIVIL ACTION NO. 05-0138-CG-C** |

## ORDER

This matter is before the court on plaintiffs' motion to amend complaint (Doc. 20), defendant's motion to strike the amended complaint (Doc. 21), and defendant's response in opposition to plaintiffs' motion to amend (Doc. 23). The court finds plaintiffs have failed to show good cause for their untimely amendment. Therefore, plaintiffs' motion to amend is due to be **DENIED,** and defendant's motion to strike is due to be **GRANTED**.

The Rule 16(b) scheduling order in this case states that any motion for leave to amend the pleading or to join other parties must be filed on or before September 15, 2006. (Doc 17). District courts are required to "enter a scheduling order that limits the time ... to amend the pleadings ..." FED. R. CIV. P. 16(b). Such orders "control the subsequent course of the action unless modified by a subsequent order," FED. R. CIV. P. 16(e), and may be modified only "upon a showing of good cause." FED. R. CIV. P. 16(b). Had plaintiffs sought leave to amend their complaint before the scheduling order deadline, the court would look to Rule 15(a) of the Federal Rules of Civil Procedure to determine whether the amendment should be allowed. While leave to amend under Rule 15(a) may be freely given, leave to amend after a scheduling order deadline will only be given upon a showing of "good cause" under Rule 16(b). Sosa v.

1

Airprint Systems, Inc., 133 F.3d 1417, 1418 (11th Cir. 1998).  "Otherwise, scheduling order deadlines would be 'meaningless' and the good cause requirement articulated by Rule 16(b) would effectively be read out of the Federal Rules of Civil Procedure."  Anderson v. Board of School Comm'rs of Mobile County, AL, 78 F.Supp.2d 1266,1269 (S.D. Ala. 1999).   This "good cause standard... precludes modification of a scheduling order deadline unless it cannot 'be met despite the diligence of the party seeking the extension.'"  Id. (citations omitted).   Plaintiffs filed their motion after the deadline and have offered no explanation for their late filing.   Plaintiffs have failed to meet their burden of showing good cause and, therefore, the court finds their motion to amend should be denied.

## CONCLUSION

For the reasons stated above, plaintiffs' motion to amend (Doc. 20) is **DENIED,** and defendant's motion to strike the amended complaint (Doc. 21) is **GRANTED**.

**DONE and ORDERED** this 25th day of January, 2007.

       /s/   Callie V. S. Granade       
CHIEF UNITED STATES DISTRICT JUDGE