**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **ANTHONY B. MCKENZIE,** | ) | |
| **CHRISTOPHER BROUGHTON,** | ) | |
| **RUSSELL L. HAMMOND, and** | ) | |
| **WILLIAM R. BOGGAN,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 05-0138-CG-C** |
| | ) | |
| **CITATION CORPORATION LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter came on for a jury trial on June 4, 2007 before Chief United States District Judge Callie V. S. Granade.  The jury was selected, but not sworn on May 30, 2007 before Judge Granade.

On June 4, 2007, the court held an in-camera hearing outside the presence of the jury, at which the court heard to parties' arguments with respect to their motions in limine.  Plaintiff's First Motion in Limine (Doc. 83) was **GRANTED**.  Those portions of plaintiff's Second Motion in Limine (Doc. 84) dealing with payments to plaintiffs and criminal charges against plaintiffs were found to be **MOOT**, and the court withheld its ruling until evidence introduced on the portion of the motion dealing with union grievances.  The court withheld its rulings until evidence introduced on defendant's First Motion in Limine (Doc. 67), Fifth Motion in Limine (Doc. 71), Eighth Motion in Limine (Doc. 74), Twelfth Motion in Limine (Doc. 78), Thirteenth Motion in Limine (Doc. 79), and Fifteenth Motion in Limine (Doc. 81).  The following motions in limine filed by the defendant were **GRANTED**:  Sixth Motion in Limine (Doc.72), Tenth Motion in Limine (Doc. 76), Eleventh Motion in Limine (Doc. 77) and Fourteenth Motion in Limine (Doc. 80).  The court **DENIED** defendant's Seventh Motion in Limine (Doc. 73).  The

following motions in limine filed by defendant were found to be **MOOT**:  Second Motion in

Limine (Doc. 68), Third Motion in Limine (Doc. 69), Fourth Motion in Limine (Doc. 70), and

Ninth Motion in Limine (Doc. 75).[1]

Prior to the jury being sworn, the parties advised the court that they had reached a

settlement agreement.    Therefore, it is **ORDERED, ADJUDGED, and DECREED** that this

case is **DISMISSED WITH PREJUDICE**.  Any party may move for reinstatement within the

next thirty (30) days should settlement not be consummated.  Each party is to bear its own costs.

**DONE and ORDERED** this 4th day of June, 2007.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

---

[1]In light of settlement of this action, those motions in limine on which the court withheld
its ruling are deemed to be **MOOT**.